## Anderson's Administrator v. Creekmore, et al.

(Decided November 9, 1926.)

### Appeal from McCreary Circuit Court.

1. Homestead.—Under Kentucky Statutes, sections 1702, 1703, 1705, 1707, 1708, sale of deceased wife's realty for $761.00, over objection by surviving husband claiming homestead, was ineffectual to pass title.

2. Homestead—Judgment Not Providing that, if Land did Not Bring More than $1,000.00, there Should be No Sale, Held Not to Conform with Agreement Between Parties for Sale, in which Homestead Rights of Surviving Spouse were Not Waived (Kentucky Statutes, Sections 1702, 1703, 1705, 1707, 1708).—Under Kentucky Statutes, sections 1702, 1703, 1705, 1707, 1708, where surviving husband, claiming homestead in wife's realty, by petition asked for sale of property subject to his life interest, judgment failing to provide that, if land did not bring more than $1,000.00, there should be no sale, was error, and did not conform with agreement of parties as to sale, in which rights of husband were not waived.

STEPHENS & STEELY for appellant.

H. C. GILLIS and G. W. HATFIELD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Mrs. Lillie Anderson died on February 24, 1923, a resident of McCreary county. She left surviving her her husband, A. J. Anderson, and a number of brothers and sisters who were her heirs at law; she owned at her death a house and lot in Pine Knot, Kentucky, on which she and her husband resided, and also owned other real and personal property. Her husband, A. J. Anderson, qualified as her administrator and brought this suit for the settlement of her estate. He alleged in his petition that the property could not be divided among the heirs without materially impairing its value and it would be necessary to sell it and divide the proceeds; that he as the surviving husband was entitled to a homestead in the house and lot at Pine Knot, and to a one-third interest in all the rest of the real estate; that the house and lot at Pine Knot was of value about $1,300.00. The prayer of the petition was in these words:

"Wherefore, plaintiff prays for the cancellation of the deed herein from Lillie Creekmore to Mil-

ford Creekmore and that all the property, personal and real, of the said Lillie Anderson, including this house and lot at Strunkslane, be sold, and the pro- ceeds of the sale, after the payment of the debts, be distributed among the heirs as their respective in- terests appear herein, after setting aside a home- stead in the house and lot at Pine Knott for the life interest and use of the plaintiff herein, and that the said house and lot be sold, subject to his life inter- est in same.''

Issue was joined on the petition as to her ownership of the house and lot in Stunkslane, Kentucky. At the next term of the court an order was agreed to be entered for the sale of all the real estate not in controversy. This order was drawn by the attorney, who represented the heirs after the attorney who represented A. J. Anderson had left and he did not learn how it was drawn until after the court adjourned. By this order a sale of the house and lot at Pine Knot was ordered absolutely without any reference to the homestead rights of A. J. Anderson. When this was discovered after the court adjourned, An- derson's attorney asked that the sale be called off as to this house and lot, and understood this would be agreed to, but later the sale was made. Anderson was present at the sale and objected to its being made; his objection was overruled and the property sold for $761.00. Ander- son filed exceptions to the sale showing the facts above stated. His exceptions were overruled and the sale was confirmed. He appeals.

By section 1702, Kentucky Statutes, a homestead is allowed an actual *bona fide* housekeeper with a family, resident in this commonwealth, not exceeding in value $1,000.00. By section 1703, before a sale under execution attachment or judgment of a court where the land is oc- cupied as a homestead, if it is divisible, such part thereof as may be selected by the defendant and shall not exceed in value $1,000.00 shall be set apart as a home- stead. By section 1705, where the land is indivisible it may be sold under the execution attachment or judgment and $1,000.00 of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead. The section concludes with these words:

"But there shall be no sale if the land, when of- fered, does not bring more than one thousand dollars.''

By section 1707 the homestead shall be for the use of the widow, so long as she occupies the same, and the infant children, if any, are entitled to joint occupancy with her. Section 1708 is in these words:

"The homestead of a woman shall, in like manner, be for the use of her surviving husband and her children, situated as above, and when his and their interest ceases, it shall be disposed of in like manner and the proceeds applied on the same terms to her debts; if none, divided among her children."

The surviving husband, A. J. Anderson, was entitled to a homestead, and though, if the property was worth more than a thousand dollars and was indivisible, a sale could be had, still under the express provisions of section 1705 there could be no sale if the land when offered did not bring more than one thousand dollars. The reason for this is that the defendant is entitled to his homestead of $1,000.00 and the court will not take his homestead away from him unless the land brings more than a thousand dollars. In this case the land only brought $761.00. To give Anderson $761.00 is to deprive him of a part of his homestead, for he is entitled to a homestead of a thousand dollars, and it is also to disregard the plain mandate of the statute, which was designed to protect the householder in his homestead, unless upon a sale a surplus should arise.

It is earnestly insisted that the homestead was not in controversy and that the order for the sale of the real estate not in controversy was properly drawn as agreed between the attorneys; but there was no agreement to waive the rights of Anderson under his petition. The prayer of his petition was that the house and lot be sold subject to his life interest in same. He was not entitled to hold the house and lot for life if it was worth over a thousand dollars. For if he did this he would hold a homestead of more than a thousand dollars. But this was what he prayed for, and the agreed judgment, in so far as it went beyond the prayer of his petition, determined matters that were in controversy. The only way in which the sale could be ordered under his petition was to follow the mandate of section 1705, Kentucky Statutes, above quoted, and provide that if the land when offered did not bring more than a thousand dollars there should be no sale. The failure to so provide in the judgment

was an error, and the judgment did not therefore conform with the agreement under which it was entered. On the return of the case to the circuit court the sale will be set aside, and a new sale will be ordered conforming with the provisions of section 1705 above quoted.

Judgment reversed and cause remanded for further proceedings consistent herewith.